UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALLACE ASTRUP,  )<br>  )<br>  Plaintiff  )<br>  )<br>  vs.  )<br>  )  CAUSE NO. 3:12-CV-167<br>SCHNEIDER ELECTRIC USA, INC.  )<br>and INTERNATIONAL ASSOC.  )<br>OF MACHINISTS and AEROSPACE  )<br>WORKERS,  )<br>  )<br>  Defendants  ) | |

OPINION AND ORDER

Wallace Astrup brought suit against his employer, Schneider Electric USA, Inc., and his Union, the International Association of Machinists and Aerospace Workers, under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, alleging that Schneider Electric breached the company's collective bargaining agreement when it refused to give him a pay raise and to promote him, and that the Union breached its duty of fair representation "by engaging in conduct that [was] arbitrary, discriminatory, and/or in bad faith." The defendants' motions to dismiss Mr. Astrup's second amended complaint under Fed. R. Civ. P 12(b)(6), and Schneider Electric's motion to strike the affidavit attached to Mr. Astrup's response pend before the court. For the reasons the follow, the court grants the motions.

A court considering a Rule 12(b)(6) motion to dismiss construes the complaint in the light most favorable to the nonmoving party, accepts all well-

pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. at 556). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Mr. Alstrup's second amended complaint alleges that he is currently classified as a Millwright 68A, earns $24.51 per hour, and has attained an "electrical license or certification in Industrial electricity" and a four-year journeyman's card, which he contends is "equivalent to a two-year associate Degree in Electronic Technology or related field." Mr. Astrup maintains that he is

entitled to both a $1.42/hour pay raise for having attained his electrical license and a promotion to Millwright-Technician (an 70AT classification), under the terms of the collective bargaining agreement, and that Schneider Electric breached the agreement when it refused to give him the raise and the promotion. Mr. Astrup also alleges that the Union breached its duty of fair representation when it "encouraged and pressured [him] not to file a written grievance," "represented . . . that it was working to resolve the situation," and waited until March 27, 2012 (after the deadline for filing a written grievance had passed) to send him a letter in which it outlines its position, "disagrees with [his] interpretation of the CBA . . . and [opines] that Schneider [was] under no obligation under the CBA to change Mr. Astrup's classification and/or pay rate."

Attached to and incorporated in the second amended complaint were excerpts from the collective bargaining agreement,[1] which provide in relevant part as follows:

> An employee in the 68A Millwright classification who successfully completes an accredited two-year associate Degree in Electronic Engineering Technology, or related field, will be advanced to the 70AT classification.

---

[1] Exhibit A to the amended complaint contained three documents: excerpts from the "Contract Agreement between Square D, Schneider Electric and International Association of Machinists and Aerospace Workers (AFL-CIO) Miami Lodge #2069, September 12, 2008, Midnight September 11, 2011, Peru, Indiana"; excerpts from a "Ten[t]ative Agreement Local Between Schneider Electric Company and IAM&AW Local 2069, Peru, IN," dated October 2, 2011; and a December 5, 2011 "Classification Wage Schedule, Peru Plant". Mr. Astrup alleges that these documents contain the relevant portions of the collective bargaining agreement that "governed the terms, conditions and privileges of [his] employment with Schneider," and the court assumes that to be true for purposes of the motions to dismiss.

> Any Millwright or Technician who attains an electrical license or certification in Industrial electricity will receive an increase to their current base rate that would equal the difference between the Millwright and Millwright-1-Yr. Certificate pay....

The Classification Wage Schedule attached to the complaint, shows that the classification code for both the "Millwright" and "Millwright - 1-Yr. Certificate" position is 68A; that Millwrights earn between $22.50 and $23.09 an hour, while a Millwright with a "1-Year Certificate" earns $24.51/hour; and that a "Millwright-Technician" (classification code 70AT) earns between $25.66 and $25.92 an hour.

Schneider Electric and the Union make identical arguments in support of their motions to dismiss. They contend that the Mr. Astrup: (1) hasn't exhausted his contractual remedies or alleged sufficient facts to show futility; (2) hasn't stated a plausible claim for breach of contract or breach of the Union's duty to fairly represent his interest in enforcing the collective bargaining agreement; and (3) hasn't stated a viable claim for breach of the duty of fair representation.

An employee generally must try to exhaust his remedies under the collective bargaining agreement before bringing suit against his employer and union under the Labor-Management Relations Act. *See* Vaca v. Sipes, 386 U.S. 171, 184 (1967); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-653 (1965); Roman v. U.S. Postal Serv., 821 F.2d 383, 389 (7th Cir. 1987). There are exceptions, and a court can excuse a failure to exhaust if: "(1) resorting to the grievance procedure would be futile; (2) the employer through its conduct repudiated the grievance procedure itself; or (3) the union breached its duty of fair representation." Rutherford v. Judge & Dolph Ltd., __ F.3d __, 2013 WL 411358, *4 (7th Cir., Feb.

4

4, 2013) (quoting McLeod v. Arrow Marine Transport, Inc., 258 F.3d 608, 616 (7th Cir. 2001)). *See also* Clayton v. UAW, 451 U.S. 679, 689 (1981); Roman v. U.S. Postal Serv., 821 F.3d at 388.

Mr. Astrup concedes that he hasn't exhausted the grievance procedures provided under the collective bargaining agreement, but alleges in his complaint that it would be futile to require exhaustion when the Union clearly disagrees with his interpretation of the agreement, and "encouraged and pressured [him] not to file a written grievance." The defendants maintain that such allegations are factually and legally insufficient, citing, *i.e.*, Miller v. General Motors Corp., 675 F.2d 146, 149-151 (7th Cir. 1982) (futility not established where union official who withdrew plaintiff's grievance told him that he would withdraw it again if plaintiff re-submitted it); Baldini v. Local Union No. 1095, UAW, 581 F.2d 145, 148 (7th Cir. 1978) (futility not shown despite international union's remark to plaintiff that nothing more could be done for him); Newgent v. Modine Mfg. Co., 495 F.2d 919, 927-928 (7th Cir. 1974) (futility not established when union representative told plaintiff that taking further action in grievance process would be "senseless and fruitless" and advised him to hire an attorney and sue the employer and the union if he wanted to pursue the matter further).

Miller, Baldini, and Newgent all were decided on summary judgment, not a motion to dismiss, and while they might provide persuasive authority for revisiting the exhaustion issue later, they don't support dismissal of Mr. Astrup's complaint based solely on a failure to exhaust at this stage of the proceedings.

*See* Lewis v. Local Union No. 100 of the Laborers' Int'l Union of N.A., AFL-CIO, 750 F.2d 1368, 1381 (7th Cir. 1984) ("[I]t is unreasonable to impose an exhaustion requirement solely on the basis of the pleadings when it is clear that the issue of union hostility has been raised and that the resolution of that issue requires further factual development.").

But exhaustion wasn't the only argument in support of dismissal. Schneider Electric and the Union contend that Mr. Astrup hasn't stated a plausible claim for breach of contract or breach of the duty of fair representation, that neither claim is viable if the other fails, *see* Nemsky v. ConocoPhillips Co., 574 F.3d 859, 864 (7th Cir. 2009); Crider v. Spectrulite Consortium, Inc., 130 F.3d 1238, 1241 (7th Cir. 1997), and that Mr. Astrup has pleaded himself out of court by alleging facts that show he has no claim. See Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995). The court agrees.

The second amended complaint's factual allegations and attached documents show that Mr. Astrup is already receiving the maximum hourly rate ($24.51) for Millwrights with a one-year certificate, that advancement to the Millwright-Technician 70AT classification requires a two-year associate degree in Electronic Engineering Technology, or a related field, and that Mr. Astrup doesn't have the required degree. Mr. Astrup's conclusory assertion that his four-year journeyman's card is "equivalent to" an associate degree is irrelevant to the collective bargaining agreement's express and unambiguous language which says an employee must "successfully complete[] an accredited two-year associate

Degree in Electronic Engineering Technology, or related field," to advance to the 70AT classification.

Mr. Astrup concedes that the collective bargaining agreement doesn't authorize exceptions to the degree requirement, but contends that the court can look beyond the four corners of the document and consider past practices in determining whether an exception exists. Citing Chicago Webb Printing Pressmen's Union v. Chicago Newspaper Publishers' Ass'n, 772 F.2d 384, 385 (7th Cir. 1985); Judsen Rubber Works, Inc. v. Manufacturing, Production & Service Workers Union Local No. 24, 889 F.Supp. 1057, 1063 (N.D. Ill. 1995). In support of this new theory, Mr. Astrup submitted an affidavit in which he attests, upon information and belief, that Schneider Electric has granted 70AT classification to at least one other employee, even though that individual didn't have a two-year associates degree in electronic engineering or a related field.

But the complaint doesn't allege that the collective bargaining agreement is ambiguous, and Mr. Astrup can't amend his complaint by asserting new facts and arguments in his response to a motion to dismiss. Even if he could, the court can look to past practice only when the contractual provision at issue "would be ambiguous absent reference to the prior practice" of the parties. Chicago Newspaper Publishers Ass'n v. Chicago Web Printing Pressmen's Union No. 7, 821 F.2d 390 (7th Cir. 1987); Judsen Rubber Works, Inc. v. Manufacturing, Production & Service Workers Union Local No. 24, 889 F.Supp. at 1063. *See also* Tootsie Roll Industries, Inc. v. Local Union No. 1, Bakery, Confectionery and

7

Tobacco Workerss' Int'l Union, 832 F.2d 81, 84 (7th Cir. 1987). If a contract is clear and unambiguous, the court must determine the parties' intent from the plain language of the contract. Bennett v. Local Union No. 66, 958 F.2d 1429, 1434 (7th Cir. 1992).

Without a viable claim against Schneider Electric, Mr. Astrup's claim against the Union must fail, too. The Union has a duty to fairly represent its members in enforcing the collective bargaining agreement, and can't arbitrarily ignore a valid grievance, *see* Rupe v. Spector Freight Systems, Inc., 679 F.2d 685, 691 (7th Cir. 1982), but Mr. Astrup hasn't identified facts which, if true, would show he had a valid grievance; he hasn't provided a factual basis for his conclusory assertion that the Union breached its duty "by engaging in conduct that [was] arbitrary, discriminatory, and/or in bad faith"; and he hasn't alleged the type of egregious conduct needed for a breach of the Union's duty of fair representation. *See* McCleod v. Arrow Transport, Inc., 258 F.3d 608, 613 (7th Cir. 2001) (union's conduct must be "so far outside a wide range of reasonableness as to be irrational"); Fillipo v. Northern Indiana Public Serv. Corp, Inc., 141 F.3d 744, 749 (7th Cir. 1998) ("egregious disregard for union members' rights constitutes a breach of the union's duty of fair representation). His claims must be dismissed.

Schneider Electric moved to strike Mr. Astrup's affidavit and the facts asserted on pages 8 and 9 of his response brief because they weren't a part of the original pleading and can't be considered on a motion to dismiss. Thompson v. Ill. Dept. of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002); Beam v. IPCO

8

Corp., 838 F.2d 242, 244 (7th Cir. 1988). Mr. Astrup asks the court to make an exception and deny the motion to strike, contending that the facts asserted are central to his case and were referenced in the complaint. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998); Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 455-456 (7th Cir. 1998).

A plaintiff can assert additional facts in response to a motion to dismiss, as long as they are consistent with the allegations in his complaint. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). Mr. Astrup's affidavit and the additional facts asserted in his response brief aren't consistent with the allegations in his complaint, and weren't referenced in, or a part of, the second amended complaint.

Under FED. R. CIV. P. 12(d), the court must either exclude Mr. Astrup's affidavit, or treat the defendants' motions to dismiss as motions for summary judgment. Rutherford v. Judge & Dolph Ltd., _ F.3d _, 2013 WL 411358, *2 (7th Cir. Feb. 4, 2013). Neither party has asked for conversion, and conversion isn't reasonable or necessary in this case.

For the foregoing reasons, Schneider Electric's motion to strike the affidavit and the additional facts asserted at pages 8-9 of Mr. Astrup's response brief [Doc. No. 26], and the defendants' motions to dismiss [Doc. Nos. 12 and 30] are GRANTED.

SO ORDERED.

ENTERED:   March 28, 2013  


      /s/ Robert L. Miller, Jr.  
Judge, United States District Court